Brenda WHITLOW, Plaintiff–Appellant,

v.

VISITING NURSE ASSOCIATION OF WESTERN NEW YORK, also known as Advanced Home Care, Inc., Defendant–Appellee.

No. 05–5335–CV.

United States Court of Appeals, Second Circuit.

May 26, 2006.

Brenda Whitlow, Buffalo, N.Y.,* pro se.

Amy L. Hemenway, Harter, Secrest & Emery LLP, Buffalo, N.Y. (on submission), for Defendant–Appellee.

Present PIERRE N. LEVAL, GUIDO CALABRESI and DANIEL M. FRIEDMAN,** Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff–Appellant Brenda Whitlow brought suit against Defendant–Appellee Visiting Nurse Association ("VNA"), her former employer, alleging violations of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e–2000e–17, and of the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117. Whitlow, an African American woman diagnosed with Graves' disease, claimed that VNA discriminated against her, principally by failing to provide reasonable accommodations for her condition and by treating white employees with disabilities more favorably. VNA moved for summary judgment, and the district court (Curtin, *J.*) granted the motion. Proceeding *pro se*, Whitlow appeals.

We assume the parties' familiarity with the relevant facts, the procedural history, and the issues on appeal.

We conclude that summary judgment in VNA's favor was warranted for the reasons given in the district court's thorough and careful opinion. Although Whitlow satisfied the first step of the *McDonnell Douglas* burden-shifting framework by making out a *prima facie* case of discrimination, VNA articulated a legitimate, non-discriminatory reason for its actions, thereby rebutting the presumption of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir.2003); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 767 (2d Cir.2002). Whitlow presented no evidence to permit an inference of discrimination, either on the basis of race or disability, as she would have to have done to survive summary judgment. *See Terry*, 336 F.3d at 138; *Mario*, 313 F.3d at 767. The district court's dismissal of Whitlow's complaint, therefore, was proper.

We have considered all of the arguments made by Whitlow and found them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

\* Although the court's records indicated that Whitlow would proceed by submission, she appeared for oral argument, and was heard by the panel.

\*\* The Honorable Daniel M. Friedman of the United States Court of Appeals for the Federal Circuit, sitting by designation.